IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY MONTGOMERY BRILL, TRUSTEE OF THE MONTGOMERY 1998 LIFE INSURANCE TRUST, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. _____ |
| MORGAN STANLEY & CO., LLC, LINCOLN NATIONAL LIFE INSURANCE COMPANY, and VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, | § § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT:

COMES NOW Kimberly Montgomery Brill, Trustee of the Montgomery 1998 Life Insurance Trust ("Plaintiff"), complaining of Morgan Stanley & Co., LLC ("Morgan Stanley"), Lincoln National Life Insurance Company, and Voya Retirement Insurance And Annuity Company and would show:

## PARTIES

1. Plaintiff Kimberly Montgomery Brill, Trustee of the Montgomery 1998 Life Insurance Trust, is an individual who has resided in Houston,

Harris County, Texas at all times material to this action.  Plaintiff Kimberly Montgomery Brill, Trustee, administers The Montgomery 1998 Life Insurance Trust from Houston, Harris County, Texas.

2.     Defendant Morgan Stanley & Co., LLC is a limited liability company organized under the laws of Delaware and which maintains its principal office in New York, New York.  Morgan Stanley & Co., LLC is registered to do business in Texas, is doing business in the State of Texas, and may be served with process via its registered agent in Texas:

> CT Corporation System
> 1999 Bryan St., Suite 900
> Dallas, Dallas County, Texas  75261-3136

3.     Defendant The Lincoln National Life Insurance Co. is a corporation organized under the laws of Indiana and which maintains its principal place of business at 1300 South Clinton Street, Fort Wayne, Indiana 46802.  The Lincoln National Life Insurance Co. is registered to do business in Texas, is doing business in the State of Texas, and may be served with process via its registered agent in Texas:

> Corporation Service Company
> 211 East 7th Street, Suite 620
> Austin, Travis County, Texas  78701-3218

4.     Defendant Voya Retirement Insurance and Annuity Company is a corporation organized under the laws of Connecticut and whose principal

office is located at One Orange Way, Windsor, Connecticut 06095.  Prior to January 1, 2002, Voya was known as Aetna Life Insurance and Annuity Company.  Voya Retirement Insurance and Annuity Company is doing business in the State of Texas, but has failed to appoint a registered agent in Texas.  It may be served with process via:

> Mr. Charles Patrick Nelson, President & Director
> One Orange Way
> Windsor, Connecticut 06095

## **JURISDICTION AND VENUE**

5.     This Court has jurisdiction under 28 U.S.C. §1332(a)(3) because there is complete diversity of citizenship between the Plaintiff, a citizen of Texas, and the Defendants, who are all citizens of states other than Texas.  Further, the amount in controversy in this action exceeds $75,000, excluding interest and costs, because it involves a life insurance policy with a death benefit of $2,000,000, plus transfers from Plaintiff's brokerage account that exceed $400,000.

6.     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(a) and (c), as Plaintiff is a Texas citizen who resides in Houston and who resided in Houston when she signed the application for the subject insurance policy, and Defendants' predecessors delivered the policy to Plaintiff in Houston, Texas, within this District and Division.  Further, Defendant Morgan Stanley and its predecessors sent statements for Plaintiff's

brokerage account and other communications pertaining to Plaintiff's Account to Plaintiff's residence in Houston, Texas, within this District and Division.

## **BACKGROUND**

7.      Defendant Morgan Stanley & Co., LLC and its various predecessor entities, including Salomon Smith Barney, have served as the investment advisor and investment account administrator for Plaintiff's father, Charles Hunter Montgomery of Houston, Texas for over 30 years.

8.      In August 1998, Charles Hunter Montgomery followed the guidance of his longtime advisors at The Rasweiler Group at Salomon Smith Barney to set up a new investment account at Salomon Smith Barney.   The Rasweiler Group advised Charles Hunter Montgomery regarding the investment account and expressly understood that it would hold a survivorship life insurance policy for the benefit of the Montgomerys' grandchildren.   Salomon Smith Barney personnel provided assistance and advice for obtaining the survivorship life insurance policy and agreed to administer the investment account to maintain that life insurance policy.

9.      On or about August 10, 1998, Charles Hunter Montgomery and Jean Shepherd Montgomery, as Grantors, executed the Montgomery 1998 Life Insurance Trust Agreement and appointed Plaintiff to serve as the sole Trustee of that Trust.

10.     Salomon Smith Barney established investment account No. 484-159-721-6007 (the "Account") with Plaintiff as the owner, and accepted the initial transfer of funds into the Account as the Trust corpus.  Plaintiff was comfortable having Salomon Smith Barney serve as the investment advisor and investment account administrator for the Account, given the long-time trust her father had placed in Salomon Smith Barney.

11.     Per instructions from Dr. Montgomery and from Plaintiff, Salomon Smith Barney utilized funds from the Account to pay the initial premium installment for a survivorship life insurance policy.

12.     On or about August 10, 1998, Plaintiff, with the guidance and assistance of The Rasweiler Group and other Salomon Smith Barney personnel, procured survivorship life policy no. #9F15265360 from AETNA Life Insurance and Annuity Company, insuring the lives of Charles Hunter Montgomery and Jean Shepherd Montgomery (the "Policy").  The Policy provides a benefit of $2,000,000.00 upon the death of the survivor of Charles Hunter Montgomery and Jean Shepherd Montgomery to be paid for the ultimate benefit of the Montgomerys' nine grandchildren.

13.     Shortly thereafter, Salomon Smith Barney accepted the Policy as the principal asset of the Account.  Salomon Smith Barney agreed to administer the Account, to manage and to monitor the performance of the

Account, and to utilize funds from the Account to pay installments of premium to AETNA as those installments became due under the Policy.

14.    Sometime after 1998, communications from Lincoln National Life Insurance Company regarding the Policy began to be sent.  Defendant Morgan Stanley or its predecessor began to pay premiums to Lincoln. Plaintiff does not know whether AETNA Life Insurance and Annuity Company's assets and liabilities, including the rights and liabilities arising out of the Policy, were acquired by Lincoln - or whether Lincoln merely began to serve as the administrator of the Policy on behalf of AETNA Life (or its successor).

15.    Salomon Smith Barney and Defendant Morgan Stanley continued to manage the Account for Plaintiff, to monitor the performance of the Policy as the Account's sole asset, and to timely pay premiums to keep the Policy in force and effect.  By 2018, Defendant Morgan Stanley had transferred over $400,000 in premiums from the Account to the insurer to keep the Policy in force and effect.

16.    Sometime after 2010, Defendant Lincoln sent communications that indicated that Defendant Voya Retirement Insurance and Annuity Company had become involved with the Policy.  Upon information and belief, Defendant Voya formed, or ratified, some arrangement with

Defendant Lincoln for it to continue to administer the Policy. Upon information and belief, Defendant Voya also compensates Defendant Lincoln for reinsuring the Policy.

17.    In 2012, Defendant Morgan Stanley acquired Salomon Smith Barney and became its successor in interest. Defendant Morgan Stanley assumed Salomon Smith Barney's duties as the investment advisor and investment account administrator for Plaintiff and for Dr. Montgomery. Defendant Morgan Stanley's personnel represented that they would continue to manage Montgomery family accounts, including the Account, would monitor the performance of the Policy as the sole asset in the Account, and would utilize the Account to pay all premiums needed to keep the Policy in force and effect.

18.    At no time did any personnel employed by Defendant Morgan Stanley notify Plaintiff of any issues with the performance of the Policy as the sole asset in the Account, or that affected Defendant Morgan Stanley's ability to timely pay all premiums needed to keep the Policy in force and effect. So far as Plaintiff knew, Defendant Morgan Stanley appeared to be carrying out its duties to manage the Account, to monitor the performance of the Account's sole asset (the Policy), and to utilize the Account to pay all premiums needed to keep the Policy in force and effect.

19.    In July 2018, Defendant Morgan Stanley sent Plaintiff an interim quarterly statement for the Account indicating that the Policy's cash value had dropped to zero.  After Defendant Morgan Stanley was contacted and after making inquiries about the account, Plaintiff ultimately learned that:

- In 2016, Defendant Lincoln and/or Defendant Voya had begun demanding increasing monthly premium to maintain the Policy in force and effect.

- Defendant Morgan Stanley had transferred funds from the Account to pay those increased premiums, but had rapidly depleted the funds in the Account; and

- Defendant Lincoln and/or Defendant Voya had recently notified Morgan Stanley of their position that the Policy had "lapsed", as of June 25, 2018, supposedly for non-payment of premium claimed to be due for the prior two month period of time.

20.    Verbal notice of the alleged lapse received in early August, 2018, was the first written or verbal notice that Plaintiff received from any source that the Policy was allegedly in arrears, or that Defendant Morgan Stanley had failed to timely and fully pay all accrued premiums claimed to be owed under the Policy.

21.    Plaintiff was eventually able to ascertain the amount of premium that Defendant Lincoln claimed to be in arrears.   Plaintiff immediately notified Defendant Lincoln of Plaintiff's willingness to pay all premium that Lincoln claimed to be owed under the Policy.

22.    However, Defendant Lincoln (for itself and on behalf of its principal, Defendant VOYA) notified Plaintiff that Defendants would not accept Plaintiff's tender of these premium installments, and were contending that the Policy had "lapsed" - allegedly due to the failure of Morgan Stanley to timely pay premiums to Defendant Lincoln.  Defendant Lincoln further notified Plaintiff that Defendants would never pay any benefit to Plaintiff or the named beneficiaries upon the death of Charles Hunter Montgomery (Jean Shepard Montgomery is already deceased).

23.    In late 2018, Plaintiff sent Defendant Lincoln (for itself and on behalf of its principal, Defendant VOYA) a written demand for Defendants to accept Plaintiff's premium installments, and to confirm in writing that Defendants Lincoln and/or VOYA would honor their obligations under the Policy.  Defendants refused.

24.    At the insistence of Defendant Lincoln (for itself and on behalf of its principal, Defendant VOYA), Plaintiff filled out an onerous and time-consuming Application for Reinstatement of the Policy.  Defendants Lincoln and/or VOYA sent Plaintiff notice that they refused to "reinstate" the Policy, and would never pay any death benefit under the Policy.

25.    In late 2018 and early 2019, Plaintiff sent written notice to Defendant Morgan Stanley of Defendants Lincoln and/or VOYA's positions

in respect of the Policy, and of Plaintiff's position that Defendant Morgan Stanley's failures to carry out its duties with respect to the Account and the Policy had caused (or contributed to cause) this situation.   However, Defendant Morgan Stanley inexplicably refuses to accept any responsibility for the loss and injury inflicted upon its client.

## CAUSES OF ACTION

### Breach of Contract – Defendants Lincoln and VOYA

26.    Incorporating the foregoing paragraphs, Plaintiff (acting by and through her agent, Defendant Morgan Stanley and its predecessors), has paid to Defendant Lincoln and to Defendant VOYA all premiums and charges due under the terms of the Policy, and has performed all obligations and conditions under the Policy.

27.    As the successors and assignees of AETNA Life, Defendants assumed the duties and obligations that AETNA Life owes to Plaintiff under the terms of the Policy.   Those duties and obligations include, without limitation:

- to properly administer the Policy in accordance with its provisions;

- to properly calculate the amount of premium that should be deducted from the policyholder's account each month;

- to refrain from increasing the cost of the insurance, except under very specific conditions stated in the Policy;

- to send each policyholder timely written notice of a proposed increase in the cost of the insurance; and

- to maintain the Policy in force and effect.

28.     Notwithstanding their obligations to Plaintiff under the Policy, Defendants have chosen to engage in the following acts, omissions, and representations:

- instituting unreasonable cost of insurance increases for purposes not authorized under the terms of the Policy;

- failing to determine the correct monthly deduction from the Policy account in accordance with the Policy's terms and conditions;

- failing to send notice to Plaintiff as soon as Defendants chose to alter their "expectations" for the Policy's investment performance - that other similar policies were not performing sufficiently - and that Defendants planned to request an increase in the cost of insurance;

- failing to determine in a reasonably timely manner that the Policy was not being charged the appropriate cost of insurance;

- failing to maintain adequate assets backing reserves sufficient to fulfil Defendants' obligations to Plaintiff under the Policy;

- failing to send proper notice to Plaintiff of Defendants' alleged non-receipt of installments of premium claimed to be due under the terms of the Policy;

- failing to send proper notice to Plaintiff of Defendants' intention to deem the Policy lapsed, unless Defendants received additional installments of premium claimed to be due under the Policy;

- failing to accept Plaintiff's tender of premium claimed to be due under the Policy, and to confirm that the Policy is in force and effect;

- notifying Plaintiff that they will not pay any benefit under the Policy to Plaintiff or the named beneficiaries upon the death of Charles Hunter Montgomery; and

- Other acts and/or omissions to be shown at the time of trial.

29.    Plaintiff would show that the foregoing acts, omissions, and representations by Defendant Lincoln and Defendant VOYA constitute failures to comply with their obligations to Plaintiff under the Policy.  As a result of these Defendants' failures to comply with their obligations to Plaintiff, Plaintiff has sustained the damages described below.

30.    Plaintiff would further show that the foregoing acts, omissions, and representations by Defendant Lincoln and Defendant VOYA constitute anticipatory failures to comply with their obligations to Plaintiff under the Policy.  As a result of these Defendants' anticipatory failures to comply with their obligations to Plaintiff, Plaintiff will, in reasonable probability, sustain loss and injury in the future, as described below.

## **Declaratory Judgment – Defendant VOYA**

31.    Incorporating the foregoing paragraphs, Plaintiff (acting by and through her agent, Morgan Stanley and its predecessors), has paid to Defendant VOYA (by and through its agent, Defendant Lincoln) all

premiums and charges due under the terms of the Policy, and has performed all obligations and conditions under the Policy.   As the successors and assignees of AETNA Life, Defendants Lincoln and Defendant VOYA have assumed all duties and obligations owed to Plaintiff under the terms and conditions of the Policy.

32.   Without waiving Plaintiff's claims for damages, Plaintiff would show that an actual controversy exists between Plaintiff and Defendants Lincoln and VOYA concerning the parties' respective rights and obligations under the Policy, including:

- Whether Defendants sent proper notice to Plaintiff of Defendants' intent to increase the cost of insurance to be charged to Plaintiff for the Policy;

- Whether Defendants sent proper notice to Plaintiff of Defendants' alleged non-receipt of premium claimed to be due under the terms of the Policy;

- Whether Defendants sent proper notice to Plaintiff of Defendants' intention to deem the Policy lapsed, absent receipt of premium claimed to be due under the Policy;

- Whether Defendants' refusal to accept Plaintiff's tender of premium claimed to be due under the Policy, and refusal to confirm that the Policy is in force and effect, constitutes a breach of Defendants' obligations under the terms of the Policy and/or applicable law;

- Whether Defendants' notice to Plaintiff that Defendants would never pay any benefit to Plaintiff or the named beneficiaries upon the death of Charles Hunter Montgomery constitutes an

anticipatory breach of Defendants' obligations under the Policy and/or applicable law; and

- Other controversies to be shown at time of trial.

33.     Pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, Plaintiff moves for judgment declaring the parties' rights and obligations under the terms and conditions of the Policy as listed above, and Defendants' obligations to pay the stated benefits under the Policy to Plaintiff upon the occurrence and/or satisfaction of conditions in the future.

**<u>Breach Of Fiduciary Duties – Defendant Morgan Stanley</u>**

34.     In the alternative, and in the unlikely event that the Court or jury sustain the contentions of Defendant Lincoln and/or Defendant VOYA that they no longer owe any obligations to Plaintiff under the Policy, Plaintiff would show the following:

35.     Incorporating the foregoing paragraphs, Plaintiff would show that Defendant Morgan Stanley (as well as its predecessor, Salomon Smith Barney) agreed to and did serve as a fiduciary to Plaintiff in the management of the investment Account, and in the administration of the Policy as the sole asset of that Account.

36.     However, Plaintiff would show that Defendant Morgan Stanley has failed to comply with its fiduciary duties to Plaintiff by:

- Failing to properly communicate with Plaintiff regarding the investment allocation in the Account, corpus, and whether the Account was generating sufficient capital growth and/or income needed to pay premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff of communications from Defendant Lincoln purporting to demand increased amounts of premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff that the balance of the Account was insufficient to pay the amounts of premium that Defendant Lincoln was demanding to maintain the Policy in force and effect;

- Representing to Plaintiff that the Account contained sufficient Trust corpus, and/or was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff that the Account no longer contained sufficient Trust corpus, nor was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff of communications from Defendant Lincoln regarding its alleged non-receipt of premium to maintain the Policy in force and effect, or regarding its intent to deem the Policy lapsed – absent timely receipt of additional premium;

- Accepting compensation for services that Defendant was supposedly rendering to properly administer the Account, and deducting those fees from the Account, when Defendant was in fact not rendering services as agreed to maintain the Policy; and

- Other acts and/or omissions to be shown at the time of trial.

37.    As a result of Defendant Morgan Stanley's failures to comply with its fiduciary duties to Plaintiff, Plaintiff has sustained the losses damages described below.

## Negligence - Defendant Morgan Stanley

38.    Incorporating the foregoing paragraphs, Plaintiff would show that Defendant Morgan Stanley (as well as its predecessor, Salomon Smith Barney) undertook to manage Plaintiff's investment Account, and to administer the Policy as the sole asset of that Account.   As a result, Defendant owed a duty to exercise reasonable care in discharging its duties, and to comply with obligations imposed upon it under the Texas Securities Code.

39.    However, Plaintiff would show that Defendant Morgan Stanley has failed to comply with these duties to Plaintiff by:

- Failing to properly communicate with Plaintiff regarding the investment allocation in the Account, corpus, and whether the Account was generating sufficient capital growth and/or income needed to pay premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff of communications from Defendant Lincoln purporting to demand increased amounts of premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff that the balance of the Account was insufficient to pay the amounts of premium that Defendant Lincoln was demanding to maintain the Policy in force and effect;

- Representing to Plaintiff that the Account contained sufficient Trust corpus, and/or was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff that the Account no longer contained sufficient Trust corpus, nor was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff of communications from Defendant Lincoln regarding its alleged non-receipt of premium to maintain the Policy in force and effect, or regarding its intent to deem the Policy lapsed – absent timely receipt of additional premium;

- Accepting compensation for services that Defendant was supposedly rendering to properly administer the Account, and deducting those fees from the Account, when Defendant was in fact not rendering services as agreed to maintain the Policy; and

- Other acts and/or omissions to be shown at the time of trial.

40.    As a result of Defendant Morgan Stanley's failures to comply with its duties to Plaintiff, Plaintiff has sustained the damages described below.

### **Negligent Misrepresentation - Defendant Morgan Stanley**

41.    Incorporating the foregoing paragraphs, Plaintiff would show that Defendant Morgan Stanley (as well as its predecessor, Salomon Smith Barney) made verbal and written representations that Defendant was properly administering Plaintiff's investment Account, and was properly administering the Policy as the sole asset of that Account.   Defendant

represented that the Account contained sufficient Trust corpus, and/or was generating sufficient income, to pay the amounts of premium that would be needed to maintain the Policy in force and effect, or that Defendant Lincoln and/or Defendant VOYA had begun to demand to maintain the Policy in force and effect.

42.    However, Plaintiff would show that Defendant Morgan Stanley's representations were false, and constituted misrepresentations.  As a result of Defendant's misrepresentations, Defendant Lincoln and/or Defendant VOYA have notified Plaintiff that they deem the Policy to have lapsed, and will not pay any benefit to Plaintiff or the named beneficiaries upon the death of Charles Hunter Montgomery.

43.    Plaintiff relied to her detriment upon Defendant Morgan Stanley's representations to Plaintiff regarding the state of the Account and of the maintenance of the Policy in full force and effect.

44.    As a result of Defendant Morgan Stanley's negligent misrepresentations, Plaintiff has sustained the damages described below.

**Fraudulent Concealment – Defendant Morgan Stanley**

45.    Incorporating the foregoing paragraphs, Plaintiff would show that when Defendant Morgan Stanley undertook to properly administer Plaintiff's Account, to manage and to monitor the performance of the

Account, and to utilize funds from the Account to pay installments of premium to AETNA as those installments became due under the Policy.

46.   As a fiduciary, Defendant Morgan Stanley owed a duty to Plaintiff to promptly and fully disclose to Plaintiff any potential issues affecting the Account or the Policy because Defendant Morgan Stanley: a) was in a superior position to know the facts about the administration of the Account and of the Policy; and b) led Plaintiff to believe that its personnel were properly administering Plaintiff's Account and the Policy.

47.   However, Defendant Morgan Stanley failed to disclose to Plaintiff, or actively concealed from Plaintiff, the true facts about the Account, and about the Policy, in order to induce Plaintiff to continue to allow Defendant Morgan Stanley to administer the Account - and to thereby continue to receive compensation from  Plaintiff and from members of Plaintiff's family.

48.   Specifically, Defendant Morgan Stanley has failed to fully and properly disclose material information to Plaintiff by:

- Failing to properly communicate with Plaintiff regarding the investment allocation in the Account, corpus, and whether the Account was generating sufficient capital growth and/or income needed to pay premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff of communications from Defendant Lincoln purporting to demand increased amounts of premium to maintain the Policy in force and effect;

- Failing to timely and properly notify Plaintiff that the balance of the Account was insufficient to pay the amounts of premium that Defendant Lincoln was demanding to maintain the Policy in force and effect;

- Representing that the Account contained sufficient Trust corpus, and/or was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff that the Account no longer contained sufficient Trust corpus, nor was generating sufficient income, to pay the increased amounts of premium that Defendant Lincoln had begun demanding to maintain the Policy in force and effect;

- Failing to timely notify Plaintiff of communications from Defendant Lincoln regarding its alleged non-receipt of premium to maintain the Policy in force and effect, or regarding its intent to deem the Policy lapsed – absent timely receipt of additional premium;

- Accepting compensation for services that Defendant was supposedly rendering to properly administer the Account, and deducting those fees from the Account, when Defendant was in fact not rendering services as agreed to maintain the Policy; and

- Other acts and/or omissions to be shown at the time of trial.

49.    Plaintiff reasonably relied upon Defendant Morgan Stanley to properly manage the Account and advise Plaintiff regarding the Account and the Policy.   Plaintiff relied upon Morgan Stanley's representations about the Account and the Policy.    However, Defendant Morgan Stanley's representations about the Account and the Policy have now been discovered to be materially incomplete, and/or false.

50.    As a result of Defendant Morgan Stanley's failures to disclose material facts about the Account and the Policy to Plaintiff, and of Defendant Morgan Stanley fraudulent concealment of material facts about the Account and the Policy from Plaintiff, Defendant Lincoln and/or VOYA have notified Plaintiff of their position that the Policy has lapsed, and that they refuse to ever pay any benefit to Plaintiff or the named beneficiaries upon the death of Charles Hunter Montgomery.

51.    As a result of Defendant Morgan Stanley's fraudulent concealment of material facts from Plaintiff, Plaintiff has sustained the damages described below.

## **DAMAGES**

52.    As a result of the actions, omissions, and/or representations, Plaintiff has sustained actual damages and injury in the past, including:

- Loss of all sums paid to Defendants Lincoln and/or to Defendant VOYA as premium for a Policy that may no longer provide any death benefit to Plaintiff, as Trustee for the benefit of the grandchildren of Charles Hunter Montgomery;
- Loss of the use of all amounts paid to Defendants Lincoln and/or VOYA as premium for the Policy from 1998 to 2018;
- Loss of all amounts paid to Defendant Morgan Stanley as fees and commissions for administering the Account and the Policy from 1998 to 2018; and/or
- Other damages to be shown at time of trial.

53.     Plaintiff will, in reasonable probability, sustain additional damage, loss, and injury in the future.  Such damages could include loss of the stated death benefit of the Policy when same becomes payable ($2,000,000).

54.     As a result of the acts and omissions of Defendants, Plaintiff has been required to retain the services of the undersigned attorneys to investigate, make demand for, and file this action to enforce her rights. Pursuant to Tex.Civ.Pract. & Rem. Code §38.001 and/or 28 U.S.C. §2201, Plaintiff seeks an award of the reasonable and necessary attorneys' fees incurred in prosecuting Plaintiff's claims through trial, and in all post-trial proceedings in the Court of Appeals, as may be necessary.

## CONDITIONS PRECEDENT

55.     Plaintiff alleges that all conditions precedent / notices for the filing and prosecution of Plaintiff's claims against each Defendant, and the recovery of the damages sought herein, have been satisfied, or alternatively, have been waived by each Defendant.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that each Defendant be summoned to appear and answer and that on final trial, Plaintiff have judgment against all Defendants, jointly and severally, as follows:

- For actual damages sustained by Plaintiff, as determined by the trier of fact;
- For declaratory judgment;
- For prejudgment interest as provided by law;
- For reasonable attorney fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 and/or 28 U.S.C. § 2201;
- For post-judgment interest as provided by law;
- Costs of suit; and
- Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


___/s/ Fred Hagans_____
**Fred Hagans**
Attorney In Charge
State Bar No. 08685500
S.D. Tex. ID No. 2457
fhagans@hagans.law
3200 Travis, Fourth Floor
Houston, Texas  77006
Telephone: (713) 222-2700
Telecopier: (713) 547-4950

**Of Counsel:**

**Hagans Montgomery & Rustay, P.C.**
3200 Travis, Fourth Floor
Houston, Texas  77006
(713) 222-2700 / (713) 547-4950 (Fax)


**Paul K. Nesbitt**
State Bar No. 14920500
S.D. Tex. ID No. 10216
pnesbitt@ksklawyers.com
**Kelly, Sutter & Kendrick, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056-6570
(713) 595-6000 / (713) 595-6001 (Fax)

**Vincent L. Marable, III**
State Bar No. 12961600
S.D. Tex. ID No. 10385
tmarable@sbcglobal.net
**PAUL WEBB, P.C.**
221 N. Houston
Wharton, Texas  77488
(979) 532-5331 / (979) 532-2902 (Fax)

**ATTORNEYS FOR PLAINTFF KIMBERLY MONTGOMERY BRILL, TRUSTEE OF THE MONTGOMERY 1998 LIFE INSURANCE TRUST**